Curia, per

O’Neall, J.
The first and second grounds, applying to all the cases, will be considered first, and together. For if the convictions are good, it is upon the ground that the prisoner, when he received the cotton, in Orangeburg, intended to steal it, and afterwards consummated that act. There is no doubt, as was said to the jury, *395 if the prisoner received the cotton, with the intention of carrying and delivering it, according to his contract, and afterwards changed his mind and fraudulently appropriated it to his own use, he would not have been guilty of a larceny in Orangeburg district. It has been conceded herej that the act done at Echaw creek, in Charleston district, was a plain larceny; and the only question is, whether the jury were at liberty to ascribe the beginning of the felonious intent to the time at which the prisoner received the cotton. It is plain, from Garner’s testimony, that on the voyage, and before they reached Echaw creek, the prisoner communicated to him the scheme of appropriating the cotton to his own use. This, from any thing which appears, might have been in Orangeburg district, and is enough to sustain the verdicts. But I have no disposition to evade the question. For I hold that the jury were at liberty to infer, from the felonious intent manifested at Echaw creek, where the prisoner first broke bulk, burned three bales of his load and altered the marks of the others, and sent on the cotton to a different consignee; under a false name, that he received the cotton intending to steal it; and when they came to that conclusion in fact, they did right in finding him guilty in Orangeburg district. In the State vs. Pleasant Gorman, 2 N. & McC. 90, Judge Johnson stated the law to be that “whatever might have been the old rule on the subject, there can be no question that, at this day, a larceny may be committed of goods obtained by delivery, from the owner, if done anomo jurancli.” In another part of the case, he states the effect of the verdict to be conclusive of the question of the prisoner’s intent in receiving the goods.- For he says, “that the prisoner got possession of the horse, with the stealing of which he is charged, with a felonious intention, is determined by the verdict of guilty.” Putting these two principles together, it is plain, that where the jury have evidence which may or may not bring them to that conclusion, they have the right to say, from all the facts, whether the felonious intent existed eo inslan-ti, at the reception of the goods, or arose afterwards. This view has the sanction of a very eminent criminal lawyer. Archbold’s Crim. Plead. 187, lays down the law as follows : “If A obtain goods, animo furandi, or receive them *396 harboring, at the time, an intention wrongfully to convert them to his own use, it is larceny. Thus where the defendant was employed to drive sheep to a fair, but instead of driving them to the fair, he drove them in a contrary direction and sold ten of them on the morning he received them, and the jury were of opinion that at the time he received them, he intended to convert them to his own use: this was held to be larceny." This comes up so fully to the cases before us, that I will not pursue this part further. The remaining ground only applies to the two cases last tried, and will now be considered. It must be tested under the plea of auterfois convict. The same rules apply to it, as to the plea of auterfois acquit. Archbold’s Crim. Plead. 88, speaking of the plea of auterfois acquit, says, “the true test by which the question, whether such a plea is a sufficient bar in any case may be tried is, whether the evidence necessary to support the second indictment, would have been sufficient to procure a legal conviction upon the first.” Inquire under this rule whether the evidence under the second and third cases, could havepro-duced a conviction under the first 1 It is plain it could not. For in it, the cotton stolen is charged to be the property of William Theus. In the second and third, the cotton is laid as the respective property of Mack & Fogle. The property must be proved, as laid, or there can be no conviction. Hence the' proof, in this respect, must be different in each case-; and therefore the plea could not be sustained. In The State vs. Ryan & Jones, 4th McC. 16, the property stolen was laid to be the “goods and chattels of A. B. &c.” It appeared that a part belonged to A., a part to B., and a part to C.; it was held that the proof did not sustain the allegation. That case not only sustains the position which I have already laid down, but that the stealing of the goods of different persons is always a distinct larceny, or may at least be so treated by the Solicitor, if in his discretion he thinks proper so to do. The only authority which has been cited for the contrary position, is that from 1st Hale’s P. C. 531. That, when examined, will be found to amount to no more than this, that several petit larcenies on different days of the goods of A; or of the goods of A. B. & C., if committed by one and the same act, may7 in order to make *397 out the higher offence of grand larceny, be joined in one indictment. The first position laid down by that great Judge and good man, Sir Matthew Hale, is, “ If A. steals the goods of B., to the value of 6d, and at another time to the value of 8d, so that all put together exceeds the value of 12d; yet this is held grand larceny, if he be indicted of them altogether .” The result, by the authority, is made to depend upon the offences being united in one indictment. It is therefore not opposed to the view, that for the goods of B. stolen at different times, different indictments would lie. Again he says, “ it seems to me, that if he (the prisoner) steals goods of A., of the value of 6d, goods of B. of the value of 6d, and goods of C. of the value of 6d, being perchance in one bundle, or upon a table, or in one shop, this is grand larceny, because it was one entire felony, at the same time, though the persons had several properties, and therefore if in one indictment, they make grand larceny.” This qualification again shews, that by treating the different larcenies as one act, they become one offence. But I apprehend that it never entered into the head of the learned Judge, that each of these could not be regarded as separate petit larcenies. For that would be in favor of the prisoner, and hence if separated by the Solicitor, the court would have regarded them according to their intrinsic character. So if they had been grand larcenies, an indictment would have laid for each; and an acquittal in one, would not have barred the others. But the moment a conviction took place in one, it might have suspended the others, and if clergy had been allowed and the judgment of branding had been executed, then that operating as a statute pardon, would have discharged the prisoner from the other indictments. 2d Hale’s P. C. 254.
The motions in all the cases are dismissed.
Richardson, Evans and Butler, JJ., concurred.